

JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

GAYLA B. LIBET, Esq./ State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
486 41st Street, # 3
Oakland, CA 94609
Telephone and Facsimile: (510) 420-0324

Attorneys for Plaintiff



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL J. HURST,

            Plaintiff,

vs.

CITY OF ALAMEDA, a municipal corporation; WALTER TIBBET, in his capacity as Chief of Police for CITY OF ALAMEDA; RYAN DERESPINI, individually, and in his capacity a police officer for CITY OF ALAMEDA; IAN SUMMIT, individually, and in his capacity as a police officer for CITY OF ALAMEDA; and, DOES 1-25, inclusive,

            Defendants.
_____/

Action No. C08-02518

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES**

### JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Alameda, California, which is within this judicial district. Venue is conferred upon this Court by Title 28 United States Code Section 1391(b).

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

## PARTIES

2. Plaintiff is, and at all times herein mentioned was, a citizen of the United States residing in Alameda, in the County of Alameda, California. Plaintiff is a Caucasian of Italian descent.

3. Defendant CITY OF ALAMEDA (hereinafter referred to as "CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. At all times herein mentioned, defendant, WALTER TIBBET, was the Chief of Police for the CITY. Defendant, WALTER TIBBET, is sued herein in his capacity as the Chief of Police for the CITY.

4. At all times mentioned herein, defendants RYAN DERESPINI; IAN SUMMIT; and DOES 1-25, inclusive, were employed by defendant CITY as police officers. Defendant police officers are sued herein individually, and in their capacity as police officers for defendant CITY. In engaging in the conduct described herein, defendant police officers acted under color of law and in the course and scope of their employment by defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by defendant CITY. Defendant DERESPINI is believed to be a Caucasian of Italian and/or Portueguese descent, and defendant SUMMIT is believed to be a Caucasian.

5. DOES 1-10, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were directly involved in the wrongful assault against plaintiff, and the wrongful and false detention of plaintiff, as described hereinafter.

6. DOES 11-25, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were employed in a supervisory capacity by defendant CITY and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training named defendant police officers and DOES 1-10, in the proper and reasonable use of force, effecting proper detentions and arrests, and treating persons in a manner that is not racially discriminatory.

7. Plaintiff is ignorant of the true names and capacities of defendant DOES 1-25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and

damages suffered by plaintiff as set forth herein. Plaintiff will amend his Complaint to state the true names and capacities of defendants DOES 1 through 25, inclusive, when they have been ascertained.

8. In engaging in the conduct described herein, defendant police officers acted under the color of law and in the course and scope of their employment with defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions, and as employees of defendant CITY.

9. For State causes of action related to Federal claims, plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## STATEMENT OF FACTS

10. On April 28, 2007, at approximately 10:35 p.m., plaintiff GABRIEL J. HURST drove to his friend Brett Blazedale's house to join him for a late dinner as they had planned. When he arrived at 423 Cola Ballena Road, he parked around the corner, and was walking toward his friend's house, when a Caucasian woman, later identified as Kathy J. Smith by an Alameda Police officer, who was walking her dog approached him and asked him why he was in the neighborhood and what his name was. He told her his name, that he was from Bay Farm Island, and it was not her business what he was doing. She then angrily accused plaintiff of trying to break into houses and burglarize them and steal cars. She further told plaintiff that he should go back where he came from, because he didn't belong around there. She was aggressively coming towards plaintiff with her dog and plaintiff walked away from her toward's his friend's house. Plaintiff finally told her he would call the police if she kept following him with her dog. She then called for her husband, Don, who came outside of their house with a larger dog. GABRIEL J. HURST then called the Alameda police.

11. GABRIEL J. HURST gave his name and location to the Alameda police dispatcher and told the police dispatcher that he was being chased by a woman, her husband, and their two dogs. Plaintiff then ran towards his friend Brett's house and called out to him for help. There was no answer from his friend's house, and plaintiff was cornered by the woman, her husband Don and

their dogs in front of 421 Cola Ballena Road. A few minutes later, defendant Alameda police officers arrived, including RYAN DERESPINI and IAN SUMMIT. Plaintiff ran over to said defendant officers and identified himself as the person who had called the police dispatcher. He handed his phone to defendant officer DERESPINI, who then disconnected the call between plaintiff and the police dispatcher, instead of discussing the matter with said dispatcher. Then officer DERESPINI talked with the woman and man with the dogs who said plaintiff was trying to break into houses. Officer DERESPINI then angrily turned to plaintiff and said, "What the fuck are you doing here, you little punk?" He would not listen to plaintiff's attempt to reply, and instead assaulted and battered plaintiff by grabbing his arm, swinging him around, slamming him down on the door of his police car, and pinning his head down on the door by holding his neck and choking him with his hand. Defendant DERESPINI leaned over plaintiff and while choking him he said in his ear to not talk or he would hurt him.

12. Defendant officer IAN SUMMIT, who was present with defendant officer RYAN DERESPINI, then came up on plaintiff's left side and assaulted and battered him by kneeing him in his rib cage, and then putting him in handcuffs with his hands behind his back while defendant DERESPINI continued to choke plaintiff. IAN SUMMIT wrongfully did nothing and said nothing to stop defendant DERESPINI from choking plaintiff. Defendant IAN SUMMIT then went to talk with the woman and man with the dogs. Defendant DERESPINI had plaintiff's head pinned down on the door of the police car and jammed his thumb under his jaw bone next to his neck, which cut off some of plaintiff's air. He couldn't breathe very well wnd was becoming dizzy. Defendant DERESPINI leaned over and whispered in plaintiff's ear again that plaintiff better do exactly what DERESPINI told him to do or he would hurt him. Defendant DERESPINI then grabbed plaintiff by his belt; stood him up; spun him around; and slammed him into the police car so his back and hands were aginst said car. Plaintiff was extremely scared. Defendant DERESPINI then searched all contents of his pockets by putting same into plaintiff's upside down Raider's hat which was on the police car. Defendant DERESPINI took plaintiff's cell phone, wallet, driver's license, and a $ 10.00 bill from his pocket (which was never returned to plaintiff). GABRIEL HURST said, "I am a Christian, why don't you take my chain too!", referring to his gold chain with crucifix around his

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                    4

neck. Defendant DERESPINI did not take that necklace, but continued to curse at plaintiff; grabbed him and shoved him into the back seat of the police car; slamming his head into the door jamb in the process. Defendant DERESPINI caused plaintiff's right eye and right cheek to hit the door frame of the police car as he shoved plaintiff into said car, while saying, "Get the fuck in the car."

13. While plaintiff was inside the back seat of the police car, defendant DERESPINI was sitting in the front seat, and he asked plaintiff if he had been drinking or using drugs. Plaintiff was crying as he said he had not been drinking or doing drugs. Defendant DERESPINI told plaintiff to shut up, and again said he would hurt him. Plaintiff was terrified and wanted to pacify defendant DERESPINI, so plaintiff told him that he respected him; knew some police officers; wanted to be an officer himself; and that his father was a police officer in the Army. GABRIEL J. HURST also said to defendant DERESPINI that he thought he was the same nationality as plaintiff. DERESPINI responded that they were not the same nationality, and that he was of Portuguese and Italian background. Plaintiff told defendant DERESPINI that he was of Italian background. Plaintiff's friend Brett then called plaintiff's cell phone which defendant DERESPINI had in his hands. Brett told defendant DERESPINI that he was waiting for GABRIEL HURST to meet with him, and defendant DERESPINI responded to Brett to have his father call back and confirm that Brett and his father lived at 423 Cola Ballena Road. Brett was actually at his mother's house waiting for plaintiff, and plaintiff had been confused and thought they were to meet for dinner at Brett's father's house at 423 Cola Ballena Road. Defendant DERESPINI then asked plaintiff to not say anything about what he had done to him, and then left plaintiff alone in the police car for about 10 minutes. Then defendants DERESPINI and SUMMIT drove plaintiff back to his own car, told plaintiff they were letting him go, but said they "would take him down" if he said anything about what happened that night; and told him he had to leave the neighborhood. Defendant officers kept plaintiff's driver's license which was later mailed back to plaintiff.

14. Plaintiff had not done anything to provoke this assault and battery on him, and did nothing to physically resist these officers. Further, plaintiff was unarmed. Further, plaintiff complied with all orders given to him by defendant police officers during this incident.

15. The above-described assault, battery, and wrongful detention of plaintiff by defendant police

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                     5

officers was brutal, malicious, and was done without any just provocation or cause, proximately causing injuries and damages to plaintiff.

## DAMAGES

16. As the direct and proximate result of defendants' wrongful conduct, including assault; false detention and imprisonment; and violation of civil rights, plaintiff was injured and damaged, as set forth herein.

17. As a direct and proximate result of defendant officers' wrongful conduct, plaintiff suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

   b. Loss of physical liberty;

   c. Physical injuries, pain and suffering, emotional trauma and suffering, and medical expenses;

   d. Violations of the following clearly established and well-settled federal constitutional rights include but are not limited to: (1) freedom from unreasonable search and seizure of their persons under the Fourth Amendment to the United States Contitution; and, (2) right to equal protection under the Fourteenth Amendment to the United States Constitution;

   e. The conduct of named defendant police officers; and DOES 1-10, inclusive, was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said defendant police officers; and,

   f. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

## FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against named defendant police officers and DOES 1-10, inclusive)

18. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 17 of this Complaint.

19. In doing the acts complained of herein, named defendant police officers and DOES 1-10, inclusive, acted under color of law to deprive plaintiff of certain constitutionally protected rights

including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

   c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

   d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against defendants CITY; WALTER TIBBET; and DOES 11-25, inclusive)

20. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 19 of this Complaint.

21. Plaintiff is informed and believes and thereon alleges that prior to the date of the subject incident on 4-28-07, defendant police officers DERESPINI; SUMMIT; and DOES 1-10 had a history of engaging in acts of assault and battery; effecting false arrests; and treating persons in a racially or nationalistically discriminatory manner, of which defendants CITY; WALTER TIBBET; and DOES 11-25, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiff.

22. Plaintiff is informed and believes and thereon alleges that despite having such notice of defendants DERESPINI; SUMMIT; and DOE police officers' prior misconduct, defendants CITY; WALTER TIBBET; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by defendants DERESPINI; SUMMIT; and DOE police officers.

23. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the prior misconduct of defendants DERESPINI; SUMMIT; and DOE police officers, defendants CITY; WALTER TIBBET; and

DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized defendants DERESPINI; SUMMIT; and DOE police officers to continue their course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as alleged herein.

24. Defendant CITY, by and through its supervisory employees and agents, WALTER TIBBET, Chief of Police for defendant CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens as the proximate result of CITY police officers assaulting, effecting false arrests and imprisonments, and/or subjecting persons to racially discriminatorily motivated misconduct. With deliberate indifference, defendants CITY, WALTER TIBBET, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff. With deliberate indifference, defendants CITY, WALTER TIBBET, and DOES 11-25, inclusive, breached their duty of care to plaintiff in that: (1) They failed to adequately hire, retain, supervise, discipline, and train police officers, including defendants DERESPINI; SUMMIT; and DOES 1-10, in the proper use of force; effecting proper and reasonable arrests and detentions; and treating citizens in a manner that is not racially or nationalistically discriminatory; (2) They failed to have adequate policies and procedures regarding proper use of force; effecting proper arrests and detentions; and treating citizens in a manner that is not racially or nationalistically discriminatory; (3) They acted with deliberate indifference, in reckless and/or conscious disregard of the prior misconduct of defendant police officers DERESPINI; SUMMIT; and DOES 1-10, and, (4) They approved, ratified, condoned, encouraged and/or tacitly authorized defendant police officers DERESPINI; SUMMIT; and DOES 1-10 to continue their course of misconduct of unreasonable assaults and batteries; effecting false arrests and detentions, and treating persons in a manner that is racially or nationalistically discriminatory, resulting in violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein..

25. This lack of adequate hiring, retention, supervision, training, and discipline of defendant

police officers DERESPINI; SUMMIT; and DOES 1-10 demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing unreasonable assaults and batteries; wrongful false arrests and detentions; and treating persons in a racially or nationalistically discriminatory manner by police officers employed by defendant CITY.

26. The above-described misconduct by defendants CITY; WALTER TIBBET; and DOES 11-25, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

27. Further, the acts of defendant police officers DERESPINI; SUMMIT; and DOES 1-10 alleged herein, are a direct and proximate result of the abovementioned wrongful conduct of defendants CITY; WALTER TIBBET; and DOES 11-25, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the the abovementioned wrongful conduct of defendant police officers DERESPINI; SUMMIT; and DOES 1-10, and the abovementioned wrongful conduct of CITY; WALTER TIBBET; and DOES 11-25, inclusive.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Assault and Battery)
(Against named defendant police officers and DOES 1-10, inclusive)

28. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint.

29. Named defendant police officers and defendants DOES 1-10, inclusive, placed plaintiff in immediate fear of death and severe bodily harm by assaulting and battering him without any just provocation or cause. Said defendants' conduct was neither privileged nor justified under statute or common law.

30. As a proximate result of said defendants' conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(False Arrest and Imprisonment)
(Against named defendant police officers and DOES 1-10, inclusive)

31. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. Named defendant police officers and defendants DOES 1-10, inclusive, falsely detained and imprisoned plaintiff without just provocation or probable cause. Plaintiff had not committed any crime, and there was no basis upon which defendant officers could have reasonably believed that plaintiff had committed a crime.

33. Said defendant officers failed to observe proper or reasonable procedures in falsely detaining and/or arresting and imprisoning plaintiff without probable cause.

34. As a proximate result of said defendants' conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against named defendant police officers and DOES 1-10, inclusive)

35. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint.

36. The conduct of named defondant police officers and defendants DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be

tolerated by citizens in a democratic and civilized society. Said defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiff.

37. As a proximate result of said defendant officers' willful, intentional and malicious conduct, plaintiff suffered severe and extreme mental and emotional distress. Therefore, plaintiff is entitled to an award of punitive damages against said defendants. Plaintiff has suffered injuries and damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against named defendant police officers and DOES 1-10, inclusive)

38. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 37 of this Complaint.

39. The conduct of named defendant police officers and defendants DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for defendant CITY, violated California Civil Code Section 52.1, in that they interfered with plaintiff's exercise and enjoyment of his civil rights, by assaulting him, and wrongfully detaining and/or arresting and imprisoning plaintiff. Further, said defendant officers violated plaintiff's right to be from racial discrimination pursuant to the 14th Amendment of the U.S. Constitution; California Constitution; and various federal and California statutes, including California Civil Code Section 52.1, in that their misconduct towards plaintiff was motivated by racial animus.

40. As a direct and proximate result of said defendants' violation of Civil Code Section 52.1, plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

41. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiff prays for relief, as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
(Negligence)
(Against named defendant police officers and DOES 1-10, inclusive)

42. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 41

of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

43. At all times herein mentioned, named defendant police officers and defendants DOES 1-10, inclusive, were subject to a duty of care to avoid causing injuries and damages to persons by not unreasonably and wrongfully assaulting them, and by not effecting wrongful detentions and arrests. The wrongful conduct of said defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers acting in similar circumstances, proximately causing plaintiff to suffer injuries and damages as set forth herein.

44. As a proximate result of said defendants' negligent conduct, plaintiff suffered severe and extreme emotional and mental distress and injury, having a traumatic effect on plaintiff's emotional tranquility, and damages.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(Against defendants CITY; WALTER TIBBET; and DOES 11-25, inclusive)

45. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

46. Plaintiff is informed and believes and thereon alleges that prior to the date of the subject incident on 4-28-07, defendant police officers DERESPINI; SUMMIT; and DOES 1-10, inclusive, had a history of engaging in acts of assault and battery; effecting false arrests and detentions, and/or treating persons in a racially or nationalistically discriminatory manner, of which defendants CITY; WALTER TIBBET; and DOES 11-25, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiff on 4-28-07.

47. Plaintiff is informed and believes and thereon alleges that despite having such notice of DERESPINI's, SUMMIT's, and DOE 1-10 defendant police officers' prior misconduct, defendants CITY; WALTER TIBBET; and DOES 11-25, inclusive, negligently ratified, condoned, encouraged

and/or tacitly authorized the continuing misconduct and civil rights violations by defendant police officers DERESPINI; SUMMIT; and DOES 1-10, inclusive, of unreasonable and wrongful assaults and batteries; effecting false arrests and detentions; and/or treating persons in a racially or nationalistically discriminatory manner.

48. Plaintiff is further informed and believes and thereon alleges that as a result of their reckless and/or conscious disregard of the prior misconduct of defendant police officers DERESPINI; SUMMIT; and DOES 1-10, inclusive, defendants CITY; WALTER TIBBET; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized defendant police officers DERESPINI; SUMMIT; and DOES 1-10, inclusive, to continue their course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as alleged herein.

49. Defendant CITY, by and through its supervisory employees and agents, WALTER TIBBET, Chief of Police for CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to persons as the proximate result of CITY police officers' unreasonable assaults and batteries; effecting false arrests, detentions, and imprisonments; and/or subjecting persons to racially or nationalistically discriminatorily motivated misconduct. Defendants CITY; WALTER TIBBET; and DOES 11-25, inclusive, negligently failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff. Defendants CITY; WALTER TIBBET; and DOES 11-25, inclusive, breached their duty of care to plaintiff in that: (1) They negligently failed to adequately hire, retain, train, supervise, and/or discipline CITY police officers, including defendants DERESPINI; SUMMIT; and DOES 1-10, inclusive, in the proper and reasonable use of force; effecting proper and reasonable arrests and detentions; and/or treating persons in a manner that is not racially or nationalistically discriminatory; (2) They negligently failed to have adequate policies and procedures regarding proper and reasonable use of force; effecting proper and reasonable arrests and detentions; and/or treating persons in a manner that is not racially or nationalistically discriminatory; (3) They acted with reckless and/or conscious disregard of the prior misconduct of defendant police officers

DERESPINI; SUMMIT; and DOES 1-10, inclusive, by negligently failing to adequately hire, retain, train, supervise, and/or discipline CITY police officers, including defendant police officers DERESPINI; SUMMIT; and DOES 1-10, inclusive, in the use of reasonable force; effecting proper and reasonable arrests and detentions; and/or treating persons in a manner that is not racially or nationalistically discriminatory; and, (4) They approved, ratified, condoned, encouraged and/or tacitly authorized defendant police officers DERESPINI; SUMMIT; and DOES 1-10, inclusive, to continue their course of misconduct, resulting in the violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein.

50. The above-described negligent misconduct by defendants CITY; WALTER TIBBET; and DOES 11-25, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

51. Further, the acts of defendant police officers DERESPINI; SUMMIT; and DOES 1-10, inclusive, alleged herein, are a direct and proximate result of the abovementioned negligent wrongful conduct of defendants CITY; WALTER TIBBET; and DOES 11-25, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the abovementioned wrongful conduct of defendant police officers DERESPINI; SUMMIT; and DOES 1-10, inclusive, and the abovementioned wrongful conduct of defendants CITY; WALTER TIBBET; and DOES 11-25, inclusive.

52. Defendant CITY is liable to plaintiff pursuant to Govt. Code Section 815.6; and defendants WALTER TIBBET and DOES 11-25, inclusive, are liable to plaintiff pursuant to Govt. Code Sections 820.2 and 820.4, for plaintiff's injuries and damages hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
### (Vicarious Liability)
### (Against defendant CITY OF ALAMEDA)

53. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 52 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

54. Pursuant to Government Code Section 815.2(a), defendant CITY OF ALAMEDA is vicariously liable to plaintiff for his injuries and damages alleged herein, incurred as a proximate result of the aforementioned intentional and/or negligent wrongful conduct of defendant police officers DERESPINI; SUMMIT; and DOES 1-25, inclusive, as set forth in plaintiff's First Cause of Action, and Third through Eighth Causes of Action herein.

55. As a proximate result of defendants' conduct, plaintiff suffered injuries and damages, as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

56. Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, plaintiff prays for relief, as follows:

1. For general damages in the sum of $ 500,000.00;

2. For special damages according to proof;

3. For punitive damages against defendant police officers DERESPINI; SUMMIT; and DOES 1-10, inclusive, according to proof;

4. For injunctive relief enjoining defendant CITY OF ALAMEDA from authorizing, allowing, or ratifying the practice by any of their employees of making unreasonable and wrongful assaults and batteries on persons; effecting unreasonable and improper arrests, detentions, and imprisonments of persons; and, from treating persons in a manner that is racially discriminatory, in

violation of California Civil Code Section 52.1;

5. For violation of California Civil Code Sections 52 and 52.1, punitive damages against defendant police officers DERESPINI; SUMMIT; and DOES 1-10, inclusive; $ <u>75,000.00</u> for each offense; and reasonable attorney's fees;

6. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

7. For costs of suit herein incurred; and,

8. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF GAYLA B. LIBET

Dated: 5-16-08    By: *(signature)*
GAYLA B. LIBET, Esq.
Attorneys for Plaintiff