1  Gregory M. Fox, State Bar No. 070876
   BERTRAND, FOX & ELLIOT
2  The Waterfront Building - 2749 Hyde Street
   San Francisco, California  94109
3  Telephone:     (415) 353-0999
   Facsimile:     (415) 353-0990
4
   Teresa L. Highsmith, State Bar No. 155262
5  Office of the City Attorney
   2263 Santa Clara Avenue, Room 280
6  Alameda, California 94501-4477
   Telephone:     (510) 747-4750
7  Facsimile:     (510) 747-4767

8  Attorneys for Defendants CITY OF ALAMEDA, WALTER TIBBET,
   RYAN DERESPINI, IAN SUMMIT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL J. HURST ) | Case No.  C-08- 02518 WDB |
| ) | |
| Plaintiff, ) | **DEFENDANTS CITY OF ALAMEDA'S,** |
| vs. ) | **WALTER TIBBET'S, RYAN DERESPINI** |
| ) | **AND IAN SUMMIT'S  ANSWER TO** |
| CITY OF ALAMEDA, a municipal corporation, ) | **COMPLAINT FOR VIOLATION OF CIVIL** |
| WALER TIBBET, in his capacity as Chief of ) | **RIGHTS AND DAMAGES AND DEMAND** |
| Police for CITY OF ALAMEDA, RYAN ) | **FOR TRIAL BY JURY** |
| DERESPINI, individually and his capacity a ) | |
| police officer for CITY OF ALAMEDA; IAN ) | |
| SUMMIT, individually and in his capacity as a ) | |
| police officer for the CITY OF ALAMEDA  and ) | |
| DOES 1-25,  inclusive, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Defendants CITY OF ALAMEDA ("City"), WALER TIBBET, employed by the CITY as Chief of Police, and RYAN DERESPINI and IAN SUMMIT, sued individually and in their capacity as police officers employed by the City of Alameda ("officers") hereinafter all referred to as Defendants, answer the Complaint for Violations of Civil rights and Damages ("Complaint") filed by plaintiff, and demand a jury trial, as follows:

    1.    Admit on information and belief that jurisdiction and venue are correct.

    2.    Admit on information and belief that plaintiff is a citizen, resides in the City of

1  Alameda and Alameda County and except as admitted deny on information and belief the remaining
2  allegations of paragraph 2.

3.  Admit on information and belief the allegations of paragraph 3.

4.  Answering paragraph 4 defendants the officers were employed as police officers of the City and were at all time acting under color of law and in their course and scope of employment by the City. The officers' race is irrelevant to these proceedings but on information and belief it's believed both officers were white males. Except as expressly admitted defendants deny the remaining allegations.

5.  Answering paragraph 5, defendants deny based on a lack of information and belief the allegations of said paragraph. Except as expressly admitted defendants deny the remaining allegations of said paragraph.

6.  Answering paragraph 6 defendants deny based on a lack of information and belief the allegations of said paragraph. Defendants deny based on information and belief and a lack of information and belief the remaining allegations of said paragraph.

7.  Answering paragraph 7, defendants deny based on a lack of information and belief the allegations of said paragraph and based on a lack of information and belief the defendants deny the remaining allegations of said paragraph.

8.  Defendants deny the allegations of paragraph 8.

9.  Defendants admit on information and belief the allegations of paragraph 9.

10. Defendants admit on information and belief that plaintiff on April 28, 2007 was in the vicinity of 423 Cola Ballena Road to allegedly have dinner with his friend Brett Blazedale at approximately 10:35 pm. Plaintiff encountered Kathy J. Smith who lived nearby and words were exchanged. Her husband apparently also appeared and then plaintiff called the police. And except as admitted defendants deny based on a lack of information and belief the allegations of paragraph 10.

11. Defendants admit on information and belief that plaintiff gave his name to the dispatcher but was unable to give his location. Plaintiff sounded very anxious, frantic, upset and confused and told the dispatcher he was jogging and a woman was walking after him with a large

dog. He used obscenities and was uncooperative in talking to the dispatcher. A woman apparently was trying to inform plaintiff of his correct location and local street address. Plaintiff continued speaking in a disoriented manner and then informed the dispatcher that the arriving officers were trying to run him over. After being informed by local residents that plaintive was attempting to break into a house and based on plaintiff's behavior the defendant officers handcuffed and placed plaintiff into the rear seat of a patrol car while they investigated the situation. And except as admitted herein defendants deny the any and all of the remaining allegations of paragraph 11.

12. Deny based on information and belief the allegations of said paragraph 12.

13. Defendants admit officer Derespini evaluated plaintiff in order to determine if there was a medical reason to explain his frantic behavior but plaintiff told the officer he was in good heath. The officer was able to calm plaintiff and called his friend who confirmed plaintiff's story but explained plaintiff had gone to the wrong address. And except as admitted here in defendants deny based on information and belief the remaining allegations of said paragraph 13.

14. Defendants admit plaintiff was unarmed and except as expressly admitted deny based on information and belief the remaining allegations of paragraph 14.

15. Deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

18. Answering paragraph 18 defendants incorporate by reference as though fully set forth herein their answers, denials and other responses made to paragraphs 1 through 17 as set forth above and herein.

19. Answering paragraph 19 defendants deny the allegations of said paragraph 19.

20. Answering paragraph 20 defendants incorporate by reference as though fully set forth herein their answers, denials and other responses made to paragraphs 1 through 19 as set forth above and herein.

21. Defendants deny the allegations of paragraph 21.

22. Answering paragraph 21, Defendants deny the allegations of paragraph 22.

23. Answering paragraph 23, Defendants deny the allegations of said paragraph..

3

DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  24. Defendants deny the allegations of paragraph 24..

2  25. Defendants deny based on information and belief the allegations of paragraph 25.

3  26. Defendants deny on information and belief the allegations of paragraph 26.

4  27. Defendants deny based on information and belief the allegations of paragraph 27

5  28. Answering the allegations of paragraph 28 defendants incorporate by reference as
6  though fully set forth herein their answers, denials and further responses to paragraphs 1 through 27
7  as set forth above and herein.

8  29. Deny the allegations of paragraph 29.

9  30. Plaintiffs deny the allegations of paragraph 30.

10  31. Answering the allegations of paragraph 31 defendants incorporate by reference as
11  though fully set forth herein their answers, denials and further responses to paragraphs 1 through 30
12  as set forth above and herein.

13  32. Deny the allegations of said paragraph.

14  33. Deny the allegations of said paragraph.

15  34. Defendants deny based on information and belief the allegations of paragraph 34.

16  35. Answering paragraph 35, defendants incorporate as though fully set forth herein their
17  answers, denials and other responses to paragraphs 1 through 34 as set forth above and herein.

18  36. Defendants deny based on information and belief the allegations of paragraph 36.

19  37. Defendants deny based on information and belief the allegations of paragraph 37.

20  38. Answering paragraph 38 defendants incorporate by reference as though fully set forth
21  herein their answers, denials and other responses to paragraphs 1 through 37 as set forth above and
22  herein.

23  39. Deny the allegations of said paragraph.

24  40. Answering paragraph 36 defendants incorporate by reference as though fully set forth
25  herein their answers, denials and other responses to paragraphs 1 through 35 as set forth above and
26  herein.

27  41. Deny the allegations of said paragraph.

28  42. Answering paragraph 42 defendants incorporate by reference as though fully set forth

4

DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1 herein their answers, denials and other responses to paragraphs 1 through 41 as set forth above and
2 herein.

3      43.     Deny the allegations of said paragraph.

4      44.     Deny the allegations of said paragraph.

5      45.     Answering paragraph 45 defendants incorporate by reference as though fully set forth
6 herein their answers, denials and other responses to paragraphs 1 through 44 as set forth above and
7 herein.

8      46.     Deny the allegations of said paragraph.

9      47.     Defendants deny the allegations of said paragraph.

10      48.     Defendants deny based on information and belief the allegations of said paragraph.

11      49.     Defendants deny based on information and belief the allegations of said paragraph 49.

12      50.     Deny the allegations of said paragraph.

13      51.     Deny the allegations of said paragraph.

14      52.     Deny the allegations of said paragraph.

15      53.     Answering paragraph 53 defendants incorporate by reference as though fully set forth
16 herein their answers, denials and other responses to paragraphs 1 through 52 as set forth above and
17 herein.

18      54.     Deny the allegations of said paragraph.

19      55.     Deny based on information and belief the allegations of paragraph 55.

20      56.     The City demands a jury trial of this action.

21 <center>**FIRST AFFIRMATIVE DEFENSE**</center>

22 Plaintiff's complaint fails to state facts sufficient to constitute a cause of action against these
23 responding defendants. Defendants at all times acted legally and lawfully.

24 <center>**SECOND AFFIRMATIVE DEFENSE**</center>

25 The damages allegedly sustained by plaintiff was caused or contributed to by the intentional
26 or negligent acts and/or omissions of persons or entities other than these answering defendants,
27 including plaintiffs themselves. In the event that any fault of these answering defendants is found to
28 have contributed to any such damages, plaintiffs' recovery, if any, from these defendants is limited to

DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

that percentage of plaintiffs' damages equal to the percentage by which these responding defendants' fault contributed to said damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff voluntarily consented to and participated in the acts complained of, and/or he failed to mitigate his damages, and said failure proximately contributed to the events and damages alleged in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel and waiver, and by all applicable federal and state statutes of limitation, including all claim filing requirements of the California Tort Claims Act.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Section 815.6, as all acts and/or omissions complained of by plaintiff were reasonable and/or exercised with reasonable diligence within the meaning of said statute.

### SIXTH AFFIRMATIVE DEFENSE

Defendants at all times referred to in plaintiff's complaint acted in complete good faith and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Section 820.2, as all acts and/or omissions complained of by plaintiff were discretionary acts within the meaning of said statute.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily assumed the risk of injuries and damages arising out of the subject incident, and said assumption of risk acts as a complete bar to any recovery in this matter.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages are barred to the extent that they exceed the scope of any public entity claim(s) that may have been filed with these responding defendants public entity.

///

### TENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Penal Code Sections 833, 833.5, 834a, 835, 835a, 836, 836.5 and 840 for any police conduct/action relating to the incident complained of by plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Sections 820.4 and 820.6, as they exercised due care in the execution and enforcement of the law relative to plaintiff and/or are immune for invalid or inapplicable enactments.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant public entity is immune from liability pursuant to California Government Code Sections 815 and 815.2 for the acts of its employees who are immune from liability.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Section 821.6 for its employees instituting/prosecuting any and all judicial proceedings against plaintiff which relate to the subject incident.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability, pursuant to the provisions of California Government Code Sections 818.8 and 822.2, for any alleged misrepresentations made to any persons.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability for injury to or by any prisoner within their custody pursuant to the provisions of California Government Code Sections 844.6, 845.2 and 854.8.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Section 845.6 for the failure to obtain or furnish medical care for any prisoner within their custody.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability under California Government Code Section 846 for injury caused by the failure to secure or arrest a person in custody.

///

DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability under California Government Code Sections 855.6, 855.8, 856, 856.2 and 856.4 for failing to diagnose that any person was afflicted with a mental illness/disorder or by the failure to provide/prescribe for said illness/disorder.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability under California Penal Code Section 847 since, at the time of the subject incident, defendant's employees had reasonable cause to believe that any attempted arrest/detention was lawful.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendants are immune from liability under California Government Code Sections 850, 850.2, 850.4, and 850.8 for injury caused by transport or failure to transport to a medical facility.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendants are immune from liability under California Government Code Sections 818.2 and 821 for failing to adopt an enactment or enforce any law, and under Government Code Sections 818.4, 818.6, 821.2 and 821.4 for any alleged improper licensing activities and/or property inspections.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendants are immune from liability under California Government Code Section 845 for the alleged failure to provide police protection or to provide sufficient police protection.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendants are immune from liability under California Government Code Section 821.8 for authorized trespass.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability under the provisions of California Government Code Section 845.4 for any alleged interference with the right of a prisoner to a judicial determination of the legality of his confinement.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants alleges that, in the event it is found to be liable, which is expressly denied herein,

defendants may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 *et seq.*, and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant officers are immune from liability under the federal doctrine of qualified good faith immunity as set forth in *Malley v. Briggs,* 475 U.S. 335 (1986), *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), *Anderson v. Creighton*, 107 S.Ct. 3034 (1987) and other applicable statutory and judicial authorities.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to sufficiently allege a cause of action on any federal claim for relief. Plaintiff have been denied no federally protected civil right without due process of law, since due process exists in the form of adequate remedies at law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim for any constitutional violation under 42 U.S.C. Section 1983 against defendants.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

No municipal policy, pattern or practice caused any deprivation of plaintiff's federal civil rights, and thus under the doctrine of law announced in *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), and other applicable statutory and judicial authorities, plaintiff is not entitled to judgment against these answering defendants.

### THIRTIETH AFFIRMATIVE DEFENSE

The facts alleged in plaintiff's complaint constitute an isolated act of alleged unlawful behavior which does not constitute an unconstitutional municipal policy, pattern or practice under the doctrine of law announced in *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) and other applicable statutory and judicial authorities.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants' alleged acts were reasonable under the doctrine set forth in *Graham v. Connor*, 108 S.Ct. 1865 (1989) and all other applicable federal and state judicial authorities.

DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to all remaining applicable provisions of the California Tort Claims Act and other relevant state and federal statutes and/or regulations.

WHEREFORE, defendants City and Officers pray that:

1. Plaintiff take nothing by reason of his complaint;

2. Defendants be awarded their costs of suit incurred herein and their attorneys' fees pursuant to 42 U.S.C. Section 1988, and all other applicable federal and state statues and judicial authorities; and

3. Defendants be granted such other and further relief as the Court deems proper.

Dated: July 16, 2008                        BERTRAND, FOX, & ELLIOT


                                            By:  _____/s/_____
                                                 Gregory M. Fox
                                                 Attorneys for Defendants

DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL